**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

EH FUSION PARTY,
DAVID GRUBER, BONNIE BRADY, ELIZABETH
A. BAMBRICK, RONA S. KLOPMAN, DELL R.
CULLUM, RICHARD P. DREW, II, SUSAN M.
VORPHAL STEPHEN M. LESTER, DAVID
TALMAGE, FALLON NIGRO, MICHAEL HAVENS,
and SIMON V. KINSELLA,

                                   *Plaintiffs,*

v.

SUFFOLK COUNTY BOARD OF ELECTIONS,
COMMISSIONER ANITA S. KATZ, and
COMMISSIONER NICK LALOTA,

                                   *Defendants.*

Civil Action No. 1:19-CV-03511

**COMPLAINT**

---

Plaintiffs, for their complaint, alleges as follows:

## NATURE OF ACTION

1.      This case presents a question of constitutional access to the ballot.  Specifically,
Plaintiffs are an independent, joint slate of candidates for a variety of offices in East Hampton,
New York.  Defendants have employed arcane and deceptive interpretations of the Election Law,
along with misleading and downright false statements about the paperwork they would require,
in order to prevent Plaintiffs' names from appearing on the ballot in a manner comparable to
major party candidates.

2.      The effect of Defendants' actions is particularly pernicious where, as in East
Hampton, the town is under an effective single party monopoly.  Of the 20 elective offices in
East Hampton, all but four, including all five seats on the Town Council, are held by registered
Democrats.  Three offices are held by registered Republicans presently or formerly endorsed by

the East Hampton Democratic Committee. Only a single officeholder, a Town Trustee, is a Republican neither presently nor formerly endorsed by the East Hampton Town Democratic Committee. No independent holds any office.

3.      Plaintiffs, collectively, as detailed below, presented a real challenge to single party-monopoly on East Hampton government. Yet, they have been denied a critical element of realistically presenting that challenge: Defendants seek to prevent them from appearing on the same ballot line.

4.      The Board of Elections' efforts to prevent Plaintiffs from appearing on the ballot together on an EH Fusion Party line serves no legitimate governmental interest, either in the prevention of fraud or the timely establishment of the ballot, and further unconstitutionally denies to Plaintiffs — and to East Hampton voters — the rights guaranteed to them by the First and Fourteenth Amendments to the United States Constitution.

**JURISDICTION AND VENUE**

5.      This Court has federal question jurisdiction under 42 U.S.C. § 1983 and 28 U.S.C. § 1331.

6.      Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and§ 2202.

7.      The Court has ancillary jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391, as Plaintiffs live in this district and the acts and transactions that give rise to this action occurred, in substantial part, in this district.

9.     Venue is also proper in this district because Defendants' principal place of business in this District and the wrongful acts alleged herein had their wrongful effect or otherwise caused harm in this District.

## PARTIES

10.     Plaintiff EH Fusion Party (the "Fusion Party") is an independent body established to run candidates for various Town of East Hampton elective offices in the November 5, 2019 general election (the "Election").

11.     Plaintiffs DAVID GRUBER, BONNIE BRADY, ELIZABETH A. BAMBRICK, RONA S. KLOPMAN, DELL R. CULLUM, RICHARD P. DREW, II, SUSAN M. VORPHAL STEPHEN M. LESTER, DAVID TALMAGE, FALLON NIGRO, MICHAEL HAVENS and SIMON V. KINSELLA (collectively, the "Joint Slate" candidates) are residents of the Town of East Hampton, County of Suffolk, which is within this district.

12.     The Joint Slate candidates are all candidates for various elected offices in the Town of East Hampton, all put forward by way of nominating petition to run on the Fusion Party's ballot line.

13.     Respondent Suffolk County Board of Elections (the "BOE") is located at 700 Yaphank Ave., Yaphank, County of Suffolk.

14.     Respondents Anita S. Katz ("Commissioner Katz") and Nick LaLota ("Commissioner LaLota") are, respectively, the Democratic and Republican commissioners of the BOE.

15.     Venue is proper because all of the parties are located in or do business within this district and the matters complained of occurred here.

## FACTUAL ALLEGATIONS

16.     The Fusion Party came into existence as a joint effort between the East Hampton Independence Party, the East Hampton Town Republican Committee, and a caucus of local Democrats, called East Hampton Reform Democrats.

17.     The goal of the Fusion Party was to have the Joint Slate all appear on the same line of the ballot, giving voters notice that these candidates all belonged to a joint effort and movement, just as the party labels on the partisan ballot give voters notice that the candidates on major party lines, Democratic and Republican, belong to a joint effort and movement.

18.     Thus, for the current general election, to be held on November 5, 2019, the East Hampton Independence Party, the East Hampton Town Republican Committee,[1] and East Hampton Reform Democrats mutually agreed to endorse the Joint Slate, consisting of the 15 candidate-Plaintiffs.

19.     In total, in East Hampton, 45% of voters, are registered Democrats, 27% are registered without party affiliation (non-partisan), 21% are registered Republicans, 6% are registered to the Independence party, and 1% are registered to various small parties.  However, Plaintiff David Gruber received 39% of the Democratic primary vote when he ran for Town Council in 2018.  Thus, if EH Fusion candidates fare as well as Plaintiff Gruber among Democrats, and pick up the voters represented by the East Hampton Independence Party and the East Hampton Town Republican Committee, the Joint Slate, theoretically, could represent a majority of the East Hampton voters.

---

[1]     Despite the endorsement of the Joint Slate by the East Hampton Town Republican Committee and sufficient signatures of enrolled East Hampton Republicans on a designating petition, the Suffolk County Republican Committee did not give its consent, as is required by Election Law, Sec. 6-120 (a so-called "Wilson-Pakula certificate"), to any non-Republican East Hampton nominee appearing on the Republican line.  Thus, only the registered Republican candidates of the joint slate are on the Republican line for East Hampton Town elections, furthering the confusion the ballot engenders.

20.     However, because of the nature of the ballot — candidates appearing on a variety of lines based upon which parties nominate them — without further action, it will be invisible to voters that the Joint Slate exists as such.

21.     Without the Fusion Party the nominations are fragmented so that different subsets of the Joint Slate appear on different party lines.

22.     To appear on a particular line of the ballot, the party whose line it is must file a nominating petition designating the candidates to appear on the line, which must meet certain requirements.

23.     All Joint Slate members timely obtained the requisite number of valid signatures on the Fusion Party's nominating petitions and filed them with the BOE by the published deadline, May 28, 2019.

24.     Plaintiffs Bambrick, Brady, Gruber, and Klopman personally obtained signatures upon, witnessed, verified and submitted the nominating petitions for themselves and other Plaintiffs.

25.     Plaintiff Klopman carried all the petitions to the BOE office in Yaphank, filing them in two parts, a petition on May 21, 2019 and an amended petition on May 28, 2019, containing 1,038 signatures, far more than the legally required 553.

26.      While submitting these petitions, on both occasions, Plaintiff Klopman asked both the Republican and Democratic representatives receiving the petitions whether anything else needed to be done or any paperwork needed to be filed other than what was then being submitted.

27.     On both occasions, both representatives assured Plaintiff Klopman that her filings were complete and that there were no other requirements.

28.    On June 4, Plaintiffs Gruber and Klopman received calls from a reporter who informed them that the BOE was rejecting the nominating petitions of all Plaintiffs on the grounds that they had failed to file "Certificates of Acceptance".

29.    Plaintiffs heard nothing from BOE at first, but as of a week later, June 8, 2019, letters began to arrive from BOE stating that the nominating petitions filed had been declared "invalid" without stating exactly why.

30.    Acting on the newspaper reporter's information and on the theory that BOE was disqualifying each individual Plaintiff for failure to submit a Certificate of Acceptance, on June 7 and June 10, and on June 11 with respect to Michael Havens on June 11, Plaintiffs submitted the proper paperwork by which the vacancy committee designated on the nominating petitions re-appointed each individual to fill the vacancy created by disqualification of candidates for failure to file Certificates of Acceptances.  Each such notarized Certificate of Substitution by Committee to Fill Vacancies included a notarized Certificate of Acceptance for the named Plaintiff, as required by law, and otherwise complied with all relevant elements of New York's Election Law on filing vacancies.

31.    Thus, as of June 10, 2019, Defendants had received Certificates of Acceptance for all Plaintiffs other than Michael Havens whose Certificate of Acceptance was received June 11.

32.    As of the date of the filing of this Complaint, BOE has not indicated whether it was accepting or rejecting the Certificates of Substitution by Committee to Fill Vacancies.

33.    Members of the Joint Slate, and the registered voters who signed their nominating petitions, each face a hardship and a violation of their rights under the New York Election Law and the New York State Constitution and the United States Constitution if the Joint Slate is barred from appearing on the ballot in the Election as a Fusion Party line.

34. The barring or blocking of the Joint Slate from the ballot on the Fusion Party line also harms the voters of East Hampton by depriving them of choices and of alternatives to the mainstream party candidates, on a partisan and selective basis that discriminates against particular political associations and points of view in favor of established political parties substantially impairing democratic competition in the Election.

### COUNT I
*(42 U.S.C. § 1983: Due Process/Equal Protection; New York State Constitution)*

35. Plaintiffs hereby restate, reallege, and incorporate by reference all foregoing paragraphs.

36. Defendants violated Plaintiffs' Due Process and Equal Protection rights in the ways described herein, including but not limited to the following.

37. New York Election Law, on its face and as applied, imposes upon independent nominating bodies such as the Fusion Party a requirement of affirmative, notarized written Certificates of Acceptance that it does not impose on party nominations.

38. The BOE sent Plaintiffs letters regarding accepting nominations that make no mention of any need to file notarized written acceptances, instead simply stating that a nomination needed to be accepted or declined by May 31, 2019.

39. Additionally, by explicitly telling Plaintiffs that they there were no further formalities or filings necessary, Defendants independently deprived Plaintiffs of due process of law by stopping their inquiries into any further formalities.

40. This assurance from Defendants was not only false, but positioned to harm Plaintiffs if they failed to question Defendants' false assurances in the next three days.

41. As a result of the acts and omissions complained of herein, Plaintiffs suffered the injuries and deprivations of their constitutional rights discussed herein

## COUNT II
### *(42 U.S.C. § 1983:  First Amendment; New York State Constitution)*

42.     Plaintiffs hereby repeat, re-allege, and incorporate by reference all foregoing paragraphs.

43.     Under the First Amendment, laws which burden rights of access to the ballot must survive strict scrutiny.

44.     That is, the state must advance compelling, precise interest to justify denial of access to the ballot, and the mechanism to forward that interest must be narrowly tailored to that interest, and further must be the least restrictive alternative available to serve that same interest.

45.     Defendants' acts and omissions as detailed herein fail to meet that standard in ways including, but not limited to the following.

46.     Misinformation provided by the Board of Elections is not valid ground for denying access to the ballot.

47.     Defendants have failed to use the least restrictive alternative to forward the interests represented by the Certificate of Acceptance requirement and the restrictions on filing of Substitutions by Committee to Fill Vacancies.

48.     Insofar as Defendants have failed to accept Plaintiffs' Certificates of Substitution, by deeming their entire initial filings to be nullities that thus fail to create fillable vacancies, that wholesale nullification without the ordinary savings provided by the Election Law, on its face and as applied by BOE, fails to be narrowly tailored to any applicable state interest.

49.     There can be "no conceivable state policy which would have justified rejecting the certificate of acceptance which [was] filed at the earliest possible moment after learning that it was required." *Hirschfeld v. Board of Elections*, 799 F. Supp. 394, 395 (SDNY 1992).

50.     In addition to procedural defects, upon information and belief and as described above, Defendants' actions impose more stringent application of the Election Law based upon the viewpoints of a candidate.

51.     This lack of content-neutrality in the application of the Election Law independently violates Plaintiffs' First Amendment rights.

52.     As a result of the acts and omissions complained of herein, Plaintiffs suffered the injuries and deprivations of their constitutional rights discussed herein.

<u>**COUNT III**</u>
*(New York State Election Law)*

53.     Plaintiffs hereby repeat, re-allege, and incorporate by reference all foregoing paragraphs.

54.     Defendants have not complied with the Election Law insofar as they have not accepted Plaintiffs' Certificates of Substitution by Committee to Fill Vacancies, which were formally accepted by the candidates and duly notarized, thereby fulfilling all the requirements of the Election Law, Sec. 6-148, Nomination and designation; filling vacancies.

55.     As a result of the Defendants' refusal to accept the Certificates of Substitution by Committee to Fill Vacancies, Plaintiffs have been deprived of their rights under the New York State Election Law.

56.     Plaintiffs are therefore entitled to an order directing Defendants to accept all of the duly filed Certificates of Substitution by Committee to Fill Vacancies.

**WHEREFORE**, the Plaintiff respectfully requests that this Court award:

(a) Declaratory Judgment that Defendants' have violated Plaintiffs' rights under 42 U.S.C. § 1983, and the First and Fourteenth Amendment Rights;

(b) An order directed Defendants to accept Plaintiffs' Certificates of Acceptance *nunc pro tunc*, dated to May 31, 2019;

(c) An order directing Defendants to accept Plaintiffs Certificates of Substitution by Committee to Fill Vacancies;

(d) Costs and reasonable attorneys' fees; and

(e) Such other and further relief as law or equity may provide.


Dated: June 13, 2019.

Respectfully Submitted,


_____
/s/

J. REMY GREEN
JONATHAN WALLACE, *of counsel*

Cohen&Green P.L.L.C.
1639 Centre Street, Suite 216
Ridgewood, NY 11385
(929) 888.9480 (telephone)
(929) 888.9457 (facsimile)
remy@femmelaw.com