

June 28, 2019

Honorable Judge Kiyo A. Matsumoto
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
By Electronic Filing.

      Re:    Case 2:19-cv-03511-KAM-SJB, *EH Fusion Party et al. v. Suffolk County Board of Elections et al.*

Dear Judge Matsumoto:

My firm represents the Plaintiffs in the above-captioned case, and we write as discussed in the initial conference.

Plaintiffs and Defendants write jointly as described below. We have attempted to resolve the scheduling issues raised at that conference with the Defendants, but we have reached an impasse, as described more fully below. Plaintiffs have also filed a separate letter with an update regarding state court proceedings.

The Parties therefore ask the Court to order one of the briefing and discovery schedules below, or another schedule that that Court deems appropriate.

    **I. Defendants' Position:**

Following the June 26, 2019 conference before Your Honor, Plaintiffs emailed our office with two proposed discovery plans. One plan was, although compressed, reasonable, in that it afforded Defendants an opportunity to conduct discovery and depositions (if necessary), and the bare minimum amount of time needed to brief the issues discussed before Your Honor. The Defendants' proposed scheduling order below represents that plan.

However, Plaintiff stated that "[t]his proposed schedule is contingent on Defendants waiving objections based on the burden created by timing of the relief (e.g., Defendants will not object if the Court orders a fact hearing in early September, on whether BOE employees told Plaintiffs their submissions were complete, that it is no longer feasible for Defendants to change the ballot)."

Defendants do not agree to waive any arguments related to the timing of the relief sought. Defendants have told Plaintiff that September 12 is the deadline for the Suffolk County Board of Elections to certify its ballots pursuant to New York State Election Law §4-114 and September 20 is the Board of Elections deadline to deliver general election ballots to military voters pursuant to the Military and Overseas Voter Empowerment act 579. The Board generally requires two weeks in advance of that date to print the ballots and prepare them for mailing.



The Defendants do not agree to waive arguments or objections related to these deadlines, because these deadlines are imposed by law and the Board of Elections is without authority to disregard or disobey them.

Defendants therefore propose the following schedule:

- June 28, 2019:
    - Plaintiffs to serve document requests and interrogatories. Counsel to meet and confer within seven (7) days regarding any search term / custodian / other document search issues.
- July 3, 2019:
    - Defendants to serve any discovery requests. Counsel to meet and confer within seven (7) days regarding any search term / custodian / other document search issues, and depositions.
- July 14, 2019:
    - Defendants to serve responses to Plaintiffs' discovery requests.
    - Defendants to serve Rule 26 disclosures.
    - Plaintiffs to serve responses to Defendants' discovery requests.
- July 17, 2019:
    - Defendants to serve motion papers on any motions (including potentially: motion for summary judgment, motion to stay, motion for abstention).
- July 25, 2019:
    - Plaintiffs to serve:
        - Opposition to any motions.
        - Cross-motion papers for summary judgment.
- August 1, 2019:
    - Defendants to serve:
        - Reply on any motion
        - Opposition to cross motion
- August 7, 2019:
    - Plaintiffs to serve reply on cross motion and file all motion papers pursuant to the Court's "bundle" rule.
    - Parties to send courtesy copies of their own papers to the Court by overnight mail or hand-delivery.

Plaintiffs proposed plan below prevents Defendants from engaging in meaningful discovery such as depositions (if necessary) and does not offer adequate time to brief the issues of the case.

Defendants further note that any timing issues are the direct result of Plaintiffs own decision to avoid litigating their case in the identical state court action, even though that action was filed first. That case could likely be adjudicated all the way through the Court of Appeals by the end of August. Election proceedings have preference over all civil and criminal matters. New York Election Law §16-116 (McKinney). Indeed, in state court, election matters are special proceedings and there is no discovery unless requested of and directed by the court. NY CPLR §3123. If Plaintiffs wish to engage

COHEN&GREEN                                                                                                              Page 2 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



in discovery and time-consuming motion practice in Federal Court, they bear the risk that the case may not be resolved prior to the deadlines imposed by the NY Election Law.

Defendants are accommodating to an expedited proceeding, as noted by the proposed briefing schedule, but to require discovery and lengthy motions to be completed in less than two weeks, is simply not feasible.

Lastly, Defendants do not request oral argument on the motions, unless Your Honor believes it would be beneficial.

**II.  Plaintiffs' Position:**

Plaintiffs have taken the position that they cannot agree to a schedule that risks essentially waiving any relief at all in this case because the timing of relief should the Court determine that there are any factual issues that need to be resolved or require significant time to consider the motions discussed at the conference.  Contrary to what Defendants state above, the drop-dead date asserted in discussions has been **September 6, 2019**, the "two weeks" before September 20.

Plaintiffs have offered to agree to the schedule above[1] contingent on Defendants waiving objections based on the burden created by timing of the relief (e.g., Defendants will not object if the Court orders a fact hearing in early September, on whether BOE employees told Plaintiffs their submissions were complete, on the basis that it is no longer feasible for Defendants to change the ballot).  Contrary to Defendants' position above, Plaintiffs do not ask Defendants to waive anything imposed by law.  If Defendants' position is truly that the law requires the ballot to be in an absolutely final form by September 6, 2019, then asking to delay final submission of motions until mid-August is manifestly unreasonable.

Plaintiffs also note that Defendants' position that their proposed schedule is "the bare minimum amount of time needed to brief the issues discussed before Your Honor" is entirely inconsistent with their position that the state case "could likely be adjudicated all the way through the Court of Appeals by the end of August" in a manner that actually addresses the Constitutional issues here with the gravity they deserve.

Plaintiffs therefore propose the following schedule:

- June 28, 2019:
    - Plaintiffs to serve document requests and interrogatories.  Counsel to meet and confer within seven (7) days regarding any search term / custodian / other document search issues.
    - Defendants to serve any discovery requests within 2 business days.  Counsel to meet and confer within seven (7) days regarding any search term / custodian / other document search issues.

---

[1] Plaintiffs will request oral argument on their own summary judgment motion, regardless of Defendants' position.  The version of the schedule above that Plaintiffs offered to agree to included oral arguments, should the Court entertain them, the week of August 12, 2019.



Page 3 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



- July 7, 2019:
    - Defendants to serve responses to Plaintiffs' discovery requests.
    - Plaintiffs to serve responses to Defendants' discovery requests.
- July 12, 2019:
    - Defendants to serve motion papers on any motions (including potentially: motion for summary judgment, motion to stay, motion for *Rooker-Feldman* or *Younger* abstention).
    - Plaintiffs to serve motion papers on motion for summary judgment.
- July 18, 2019
    - Plaintiffs to serve opposition to any motions.
    - Defendants to serve opposition to Plaintiffs' motion for summary judgment.
- July 25, 2019
    - Defendants to serve reply on any motion they make.
    - Plaintiffs to serve reply on their motion for summary judgment.
    - Each party will file all motion papers on the motion **they are replying to** pursuant to the Court's "bundle" rule.
    - Parties to send courtesy copies of their own papers on all motions to the Court by overnight mail or hand-delivery.
- Week of July 29, 2019:
    - Oral argument on Plaintiffs' motion for summary judgment, if the Court grants oral argument.

Respectfully submitted,

/s/
_____
Daniel Furshpan
Suffolk County Attorney's Office
*Attorneys for All Defendants*
100 Veterans Memorial Highway
Hauppauge, NY 11788

/s/
_____
J. Remy Green
Cohen&Green P.L.L.C.
*Attorneys for All Plaintiffs*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by ECF.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com