UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------X

EH FUSION PARTY,
DAVID GRUBER, BONNIE BRADY, ELIZABETH          No.19-cv-03511 (KAM)(SJB)
A. BAMBRICK, RONA S. KLOPMAN, DELL R.
CULLUM, RICHARD P. DREW, II, SUSAN M.
VORPHAL, STEPHEN M. LESTER, DAVID
TALMAGE, FALLON NIGRO, MICHAEL HAVENS,
and SIMON V. KINSELLA,

                    Plaintiffs

            -against-

SUFFOLK COUNTY BOARD OF ELECTIONS,
COMMISSIONER ANITA S. KATZ and
COMMISSIONER NICK LALOTA,

                              Defendants.

--------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR A STAY, ABSTENTION, AND SUMMARY JUDGMENT

                    DENNIS M. BROWN
                    Suffolk County Attorney
                    *Attorney for Defendants*
                    H. Lee Dennison Building
                    100 Veterans Memorial Highway
                    P.O. Box 6100
                    Hauppauge, New York 11788-0099

            By:     Daniel E. Furshpan
                    Assistant County Attorney

Dated: Hauppauge, New York
       July 17, 2019

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

POINT I
NEW YORK ELECTION LAW REQUIRES ELECTION CASES
TO BE ADJUDICATED IN STATE COURT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    A.    The *Younger* Abstention Doctrine prevents this Court from
            hearing Plaintiffs' State and Federal claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    B.    Abstention is warranted based on the *Pullman* Doctrine . . . . . . . . . . . . . . . . . . . . 8

    C.    Plaintiffs' sharp litigation tactics warrant the imposition of
            a stay or abstention . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

POINT II
DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT IN THE
EVENT THE COURT DOES NOT STAY OR ABSTAIN FROM
DECIDING THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

    A.    Relevant facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

    B.    The Board correctly invalidated the petitions for failure to file duly
            Acknowledged acceptances . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

    C.    The Election Law's Certificate of Acceptance Requirement has been
            Repeatedly affirmed as constitutional under the New York and United
            States Constitutions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

    D.    Filing Certificates of Substitution by Committee to Fill Vacancies did
            not cure the Plaintiffs' fatal error of not filing duly acknowledged
            Certificates of Acceptance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

i

POINT III
    PLAINTIFFS CANNOT AVOID THE CONSEQUENCES OF THEIR
    MISTAKE BY CLAIMING ONE PLAINTIFF WAS ALLEGEDLY
    "MISINFORMED" BY THE BOARD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23


CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

## TABLE OF AUTHORITIES

## CASES

*Carnahan v. Ward*,
44 A.D.3d 1249 (4th Dept., 2007)............................................................................. 2, 5, 17, 20

*Caruso v. Burns*,
2017 WL 5195949 (Sup. Ct., Putnam Co. 2017) ....................................................... 23

*Chaimowitz v. Calcaterra*,
76 AD3d 685 (2d Dept 2010).................................................................................... 21

*City Trade & Indus., Ltd. v. New Cent. Jute Mills Co.*,
25 N.Y.2d 49 (1969) ................................................................................................ 9

*Corren v. Sorrell*,
151 F.Supp.3d 479 (D. Vermont, 2015).................................................................... 7

*Cruz v. Perez, New York City Board of Elections*,
1997 WL 65902 (SDNY 1997) ................................................................................ 7

*Daniels v. Williams*,
474 U.S. 327 (1986) ................................................................................................ 24

*Dear v. Board of Elections in City of New York*,
2003 WL 22077679................................................................................................. 9

*Diamond "D" Constr. Corp. v. McGowan*,
282 F.3d 191 (2d Cir. 2002)..................................................................................... 7

*Dixon v. Clyne*,
87 A.D.3d 812 (3d Dept., 2011)............................................................................... 2, 5, 17, 19

*Espada v. Diaz*,
98 NY2d 715 (2002) ............................................................................................... 22

*F.C.C. v. Beach Commc'ns, Inc.*,
508 U.S. 307 (1993)................................................................................................. 18

*Gold v. Feinberg*,
101 F.3d 796 (2d Cir. 1996)........................................................................................... 19, 24

*Golkin v. Abrams*,
803 F.2d 55 (2d Cir., 1986)..................................................................................................... 9

*Gulf Offshore Co. v. Mobil Oil Corp.*,
453 U.S. 473, 101 S.Ct. 2870 (1981) ...................................................................................... 5

*Harrison v. NAACP*,
360 U.S. 167............................................................................................................................. 8

*Heller v. Doe*,
509 U.S. 312 (1993) .............................................................................................................. 18

*Hewes v. Abrams*,
718 F.Supp. 163 (SDNY 1989).............................................................................................. 17

*Hockley v. Westchester Cty. Bd. of Elections*,
66 A.D.3d 898 (2d Dept., 2009)..................................................................................... 2, 5, 17

*Hutson v. Bass*,
54 N.Y.2d 772 (1981) ............................................................................................................ 19

*In re Boehmer*,
240 B.R. 837 (E.D.Pa.1999)................................................................................................... 10

*McGee v. Board of Elections of City of New York*,
666 F.Supp. 609 (SDNY 1987)....................................................................................... 7, 8, 9

*Migra v. Warren City*,
465 U.S. 75 (1984) .................................................................................................................. 9

*Nowik v Jablonski*,
133 AD 2d 874 (2d Dept. 1987).............................................................................................. 21

*Owens v. Sharpton,*
45 NY2d 794 (1978) ......................................................................................................... 21, 22

*Parratt v. Taylor*,
  451 U.S. 527 (1981) .............................................................................................................. 24

*Port Jefferson Health Care Facility v. Wing*,
  94 N.Y.2d 284 (1999) ...................................................................................................... 17, 18

*Powell v. Power*,
  436 F.2d 84 (2d Cir. 1970)................................................................................................. 19, 22

*Quinn v. Power*,
  28 A.D.2d 687, 281 N.Y.S.2d 379 [2d Dep't 1967].................................................................. 16

*Railroad Commission of Texas v. Pullman Co.*,
  312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1940) ...................................................................... 8

*Rapid Rubbish Removal, Inc. v. Ripley*,
  988 F.Supp. 414 (D.Vt. 1997)..................................................................................................... 6

*Rhodes v. Salerno*,
  57 N.Y.2d 885 (NY Court of Appeals, 1982) ........................................................... 2, 5, 16, 17

*Rivera-Powell v. New York City Bd. of Elections*,
  470 F.3d 458 (2d Cir., 2006)..................................................................................................... 22

*Schulz v. Williams*,
  44 F.3d 48 (2d Cir. 1994)........................................................................................................... 19

*Shannon v. Jacobowitz*,
  394 F.3d 90 (2d Cir.2005).......................................................................................................... 22

*Spargo v. N.Y. State Comm'n on Judicial Conduct*,
  351 F.3d 65 (2d Cir. 2003)........................................................................................................... 6

*Stellar Printing, Inc. v. Vernon Boulevard Realty, LLC*,
  77 N.Y.S.3d 271 (Sup. Ct., Queens County, 2018) .................................................................. 10

*Town of Nuntinaton v. Park Shore Country Day Camp. Inc.*,
  47 N.Y.2d 61 (1979) ............................................................................................................ 17, 18

*Turdik v. Bernstein*,
   87 A.D.3d 748 (2d Dept., 2011)................................................................................... 14, 15, 21

*Unity Party v. Wallace*,
   707 F.2d 59 (2d Cir. 1983)...................................................................................... 2, 17, 18, 19

*Walter v. Milner*,
   2008 WL 4771221 (Sup. Ct., Albany) .............................................................................. 2, 5, 17

*Younger v. Harris*,
   401 U.S. 37 (1977) ....................................................................................................................... 6

## **STATUTES**

42 U.S.C. §1983............................................................................................................. 20, 24

New York Election Law § 16-102 ................................................................................................ 24

New York Election Law  §6-146(1) ................................................................................. 1, 2, 3, 20

New York Election Law §6-146 ...................................................................................................... 6

## **RULES**

Federal Rules of Civil Procedure Rule 56 .......................................................................... 1, 12, 25

New York Civil Procedure Law and Rules §408.......................................................................... 11

## **PRELIMINARY STATEMENT**

Defendants, Suffolk County Board of Elections, Commissioner Anita S. Katz, and Commissioner Nick LaLota (hereinafter, the "Board") collectively move this Court for an abstention and/or stay of this action pending resolution and disposition of a virtually identical state court action that was filed *before* this case, or alternatively, for summary judgment pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 56.

Plaintiffs' improper attempt to litigate their case in two different forums is a waste of precious judicial resources, time, and taxpayer money. All of the substantive legal arguments proffered herein have been already been made in the New York State Supreme Court below. Worse yet, Plaintiffs' sharp litigation tactics are part of an unwavering campaign to circumvent New York Election Law requirements, engage in gamesmanship and forum shop.

For these reasons, the Court should abstain from deciding the federal and state issues of this case, or stay the case entirely, pending resolution and disposition of the previously filed state action, which is the proper forum for this election dispute under the NY Election Law. Alternatively, summary judgment should be granted to the Defendants because there is absolutely no merit, whatsoever, to the Plaintiffs' federal and state constitutional challenges, and the Board acted properly and in accordance with New York Election Law requirements at all times.

More specifically, due to their own oversight and despite due notice by the Board, Plaintiffs failed to timely or properly file a certificate accepting the nomination ("Acceptance") of the EH Fusion Party pursuant to NY Election Law ("Election Law") §6-146(1). Indeed, Plaintiff Gruber, who upon information and belief is an attorney, admits to other Plaintiffs in an

1

email that the error in filing acceptances was due to his misunderstanding of the law. Although Plaintiffs attempt to create novel and complex constitutional arguments implicating ballot access and application of a strict scrutiny analysis, these are just frivolous pretexts which state appellate and federal circuit courts have universally rejected and which have upheld the requirement to file a certificate of acceptance.  See, e.g., *Unity Party v. Wallace*, 707 F.2d 59 (2d Cir. 1983); *Matter of Dixon v. Clyne*, 87 A.D.3d 812 (3d Dept., 2011); *Matter of Carnahan v. Ward*, 44 A.D.3d 1249 (4th Dept., 2007); *Matter of Rhodes v. Salerno*, 57 N.Y.2d 885 (NY Court of Appeals, 1982); *Hockley v. Westchester Cty. Bd. of Elections*, 66 A.D.3d 898 (2d Dept., 2009); *Walter v. Milner*, 2008 WL 4771221 (Sup. Ct., Albany).

## BACKGROUND

As noted above, Plaintiffs consist of a number of candidates that were nominated for various offices on an Independent Nominating Petition for the EH Fusion Party. None of the Plaintiffs are enrolled in the EH Fusion party because the EH Fusion Party is an "independent body" not a recognized by New York State as an official party. *Election Law §1-104(3)*.

Election Law § 6-146(1) requires all candidates nominated for a party position or public office, other than a judicial office, by a party of which he or she is not enrolled, including by an independent party, to file a certificate accepting the nomination of such party of which he or she is not enrolled or such nomination shall be "**null and void"**. This is a long standing and well known requirement for all candidates (except judicial candidates) seeking to get on the ballot and is not limited to an independent party.

Notably, before the EH Fusion petition was even filed, each and every one of the Plaintiffs demonstrated their knowledge of the above requirement as they previously filed

2

certificates of acceptance in 2019 for nominations of other political parties of which they were not members, including the Independence Party, the Republican Party, the Working Families Party and the Conservative Party. *Exhibit "3" of Gail Lolis and Erin McTiernan's Declaration (hereinafter "Board's Declaration").*

By letter dated May 21, 2019, the Board advised each of the Plaintiffs of their nomination and that the last day to accept or decline was May 31, 2019. *Exhibit "4" of Board's Declaration.* Other than Plaintiff Kinsella, who acknowledged receipt of the letter but filed a defective certificate, Plaintiffs did not file certificates of acceptance. The Board unanimously invalidated their nominating petitions for failure to timely file and/or properly file certificates of acceptance pursuant to Election Law §6-146(1) and §1-106(2).

Plaintiffs do not dispute that they failed to file the required certificates of acceptance but rather, attempt to overcome such failure by commencing proceedings in state and federal court to validate their respective petitions on the ground the requirement is unconstitutional and because the one candidate filing the petition was not verbally advised by the Board employees accepting the petition that she was required to file an acceptance.

## PROCEDURAL HISTORY

On June 11, 2019, before this action was filed, Plaintiffs commenced a validating proceeding in state court pursuant to Election Law §16-102(2) which states, in part, that a "proceeding with respect to a petition shall be instituted within fourteen days after the last day to file the petition, or within three business days after the officer or board with whom or which such petition was filed, makes a determination of invalidity with respect to such petition, whichever is later…." Notably, the state action is timely whereas this action is not.

3

The state petition asserts causes of action under the New York Election Law, New York State Constitution, and United States Constitution. *Exhibit "A" of Attorney's Declaration*. The case was assigned to Supreme Court Justice Robert F. Quinlan.  Defendants filed its opposition to the petition on June 19, 2019, and Plaintiff served a reply affirmation on June 27, 2019 on which date the matter was submitted to the Court for decision.

On June 13, 2019, two days after the state action was commenced, Plaintiffs filed a virtually identical complaint in federal court based on the same set of alleged facts and the same or similar causes of action. *ECF Doc No.1*. Our office immediately sought permission to move to dismiss the federal court action, or alternatively, for a stay and abstention pending resolution and disposition of the state action.

A pre-motion conference was held before Your Honor on June 26, 2019. *Exhibit "B" of Attorney's Declaration*. Plaintiffs informed us at the conference that they would move for a stay of the state action, and that it would be made by Order to Show Cause the next day. Your Honor took note of Plaintiffs' brazen "gamesmanship" and the oddity of bringing a case just to request a stay. *Exhibit "B" of Attorney's Declaration, pgs. 10, 27*.

Plaintiffs filed their Order to Show Cause for a stay of the state action on June 27, 2019, and Defendants filed opposition thereto on July 11, 2019 at which time the motion was submitted for decision.

For the reasons that follow, to allow these candidates to circumvent the strong state interest in adjudicating election proceedings in an expeditious manner in state court, as well as other election law requirements, is to allow unequal justice and application of the law.

## POINT I

### NEW YORK ELECTION LAW REQUIRES ELECTION CASES TO BE ADJUDICATED IN STATE COURT

Election Law cases, such as the instant validating proceeding, are special proceedings that must be brought in state court pursuant to Article 16 of the Election Law and the rules relating to special proceedings in the New York Civil Procedure Law and Rules ("CPLR").

Election Law §16-102 requires such actions to be "**instituted in the [state] supreme court"** and sets forth a strict timeframe by which a candidate may bring such an action.

Unquestionably, under the Election Law, state courts may review the statute to determine its federal constitutionality. Election Law §16-100(1) provides,

> The [state] supreme court is vested with jurisdiction to summarily determine any question of law or fact arising as to any subject set forth in this article, which shall be construed liberally.

It is black-letter law that state courts may assume subject matter jurisdiction over federal causes of action. *Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 477, 101 S.Ct. 2870, 2875 (1981). In fact, the federal constitutionality of the Election Law's certificate of acceptance requirement has already been adjudicated in state court. *See, e.g., Matter of Dixon v. Clyne*, 87 A.D.3d 812 (3d Dept., 2011); *Matter of Carnahan v. Ward*, 44 A.D.3d 1249 (4th Dept., 2007). New York courts have repeatedly affirmed and upheld the certificate of acceptance requirement as proper under the law and must be strictly adhered to. *Matter of Rhodes v. Salerno*, 57 N.Y.2d 885 (Court of Appeals, 1982); *Hockley v. Westchester Cty. Bd. of Elections*, 66 A.D.3d 898 (2d Dept., 2009); *Walter v. Milner*, 2008 WL 4771221 (Sup. Ct., Albany).

Lastly, pursuant to Election Law §16-116, election law cases in state court "shall have preference over all other causes in all courts."

**A.    The *Younger* Abstention Doctrine prevents this Court from hearing Plaintiffs' State and Federal claims.**

The doctrine in *Younger v. Harris*, 401 U.S. 37 (1977) and its progeny precludes this Court from exercising jurisdiction over Plaintiffs' challenge to the constitutionality of Election Law §6-146 and all other state and federal claims alleged in the Complaint.

All of Plaintiffs' claims are the subject of an ongoing state court action that was filed first. Abstention under *Younger* is required here because federal courts may not "tak[e] jurisdiction over federal constitutional claims," like the ones Plaintiffs present, "that involve or call into question ongoing state proceedings." *Spargo v. N.Y. State Comm'n on Judicial Conduct*, 351 F.3d 65, 75 (2d Cir. 2003).

Were this Court to exercise jurisdiction over Plaintiffs' claims regarding the validity of their nominating petitions, certificates of acceptance, certificates of substitution, and all other claims, it would be interfering with the operation of the state courts. The *Younger* doctrine ensures that federal courts respect the integrity of state court proceedings and thus acknowledge the state courts' ability to decide federal questions. *See, e.g. Middlesex Cnty. Ethics Comm. V. Garden State Bar Ass'n*, 457 U.S.423, 431 (1982) ("Minimal respect for…state processes, of course, precludes any presumption that the state courts will not safeguard federal constitutional rights."); *Rapid Rubbish Removal, Inc. v. Ripley*, 988 F.Supp. 414, 419 (D.Vt. 1997) ("The state judiciary is certainly capable of enforcing the federal constitution."). In this way, abstention serves to avoid both an "eviscerating impact on many state enforcement actions" and a "negative

6

reflection on the State's ability to adjudicate federal claims." *Trainor v. Hernandez*, 431, 446 (1977).

Furthermore, "when *Younger* applies, abstention is mandatory." *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 197 (2d Cir. 2002).

To be sure, Plaintiffs are not prevented from raising their federal constitutional challenges in federal court, but the case must make its way through the state court system first. Only if the federal constitutional issues presented in state court are not fully and fairly heard, and only after final disposition by the New York State Court of Appeals, may the federal court determine the issues. *McGee v. Board of Elections of City of New York*, 666 F.Supp. 609, 612 (SDNY 1987); *Cruz v. Perez, New York City Board of Elections*, 1997 WL 65902 (SDNY 1997) ("In any event, it is appropriate for this Court to abstain from deciding these issues based on the "principles of federalism and comity" because the New York State judicial system has not yet had the opportunity to fully decide these issues." [*citing McGee, supra*]; *and Corren v. Sorrell*, 151 F.Supp.3d 479, 486 (D. Vermont, 2015).

In *McGee, supra*, the plaintiff commenced a validating proceeding in state court. The plaintiff also filed a separate civil rights action in federal court complaining that, *inter alia*, various portions of the Election Law were unconstitutional and a burden on his First Amendment right to associate as applied to the State through the Fourteenth Amendment. The Plaintiff in *McGee* also claimed that he was denied equal protection. Acknowledging the state court's jurisdiction over election matters, the federal court held,

7

> "[b]ased upon the principles of federalism and comity, this Court abstains from deciding any federal issues presented until the New York State Courts have been given the opportunity to decide the issues before them. The doctrine of abstention is "aimed at the avoidance of unnecessary interference by the federal courts with proper and validly administer state concerns, a course so essential to the balanced working of our federal system." Here this Court is presented with a case that clearly falls within that doctrine and its purpose." 666 F.Supp. at 611 *citing Harrison v. NAACP*, 360 U.S. 167., 177-78, 79 S.Ct. 1025, 1030-31, 3 L.Ed.2d 1152 (1959).

Consistent with the principles espoused in the *McGee* decision, *Younger* abstention dictates that this Court refrain from interfering with the ongoing state court proceeding before Justice Quinlan. Deciding the issues of this case in a federal forum would completely undermine the NY Election Law which imposes strict procedures and timelines to commence judicial proceedings involving nominations and designations, and the strong state interest that election matters be adjudicated in an expeditious manner.

## B.    Abstention is warranted based on the *Pullman* Doctrine.

As the Court in *McGee* noted, abstention is also warranted based on the Supreme Court decision in *Railroad Commission of Texas v. Pullman Co.* and its progeny:

> In *Pullman Co.*, the Supreme Court stated that federal courts should abstain from decision in cases where a pending state court determination would effectively moot the constitutional issue. With respect to such federal issues as may inhere in this action, decisions by the State courts now reviewing the petition gathering process may result in a determination that would render unnecessary a ruling by this Court as to the constitutionality of the New York law as applied.
>
> *McGee* at 612 *citing Pullman*, 312 U.S. 496, 500, 61 S.Ct. 643, 645, 85 L.Ed. 971 (1940).

As long as Plaintiffs' federal constitutional issues are considered and decided in the state court proceeding, as we anticipate they will be, the state court's decision will be binding in federal court. *Dear v. Board of Elections in City of New York*, 2003 WL 22077679 at \*7 and \*9 (EDNY 2003) ("The Second Circuit has held that a judgment rendered against a candidate by a New York State proceeding ordinarily will bar that candidate from bringing a subsequent civil rights action in federal court"; and "a federal court [is required] to give to a state court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered") (*citing Migra v. Warren City*, 465 U.S. 75, 81 (1984)). Even if Plaintiffs failed to raise federal constitutional claims in state court, they would still be precluded from bringing a federal civil rights action. *Golkin v. Abrams*, 803 F.2d 55 (2d Cir., 1986) (constitutional claims of candidates challenging their exclusion from primary ballot under New York Election Law could have been raised in state court proceeding invalidating their designating petition and, since they would have been precluded from raising claims in subsequent state proceeding, candidates were precluded from raising claims in federal civil rights action, regardless of their implicitly reserving federal claims for resolution by federal court).

Furthermore, the general rule in New York is that the "court which has first taken jurisdiction is the one in which the matter should be determined and it is a violation of the rules of comity to interfere." *City Trade & Indus., Ltd. v. New Cent. Jute Mills Co.*, 25 N.Y.2d 49, 58 (1969) (internal quotation marks and citation omitted).

In keeping with the *Younger* and *Pullman* doctrines, principles of federalism and comity, and the express language of the Election Law, this action must be adjudicated in state court and a stay or abstention of this federal action should be imposed. *McGee, supra* at 612 ("The federal constitutional issue, if any exists, may be raised in the State court actions and, if the

9

constitutional issue there presented is not fully and fairly heard, this Court may determine the issue after final disposition of these State actions by the New York State Court of Appeals").

## C.    Plaintiffs' sharp litigation tactics warrant the imposition of a stay or abstention.

It is questionable why Plaintiffs would even bring this action two days after they filed a virtually identical action in state court. Plaintiffs attempt to excuse (or detract attention from) their sharp litigation tactics by claiming state courts are not as "equipped" to deal with equal protection and due process issues as the federal court. *Exhibit "B" of Attorney's Declaration, pg. 11*.

As this Honorable Court has already acknowledged, New York State Supreme Court Justice Quinlan is a well-qualified jurist. He certainly possess the ability, knowledge and competency to decide the state and federal constitutional issues of this case, especially in light of the ample federal and state precedent upholding the requirement to file a certificate of acceptance.

Lastly, Plaintiffs' wasteful and time-consuming litigation tactics warrant further scrutiny. Why would Plaintiffs file an identical action in a different forum two days later? The answer is simple: forum shopping and judge shopping. These tactics have been universally discouraged as unethical, and should be summarily rejected. *In re Boehmer*, 240 B.R. 837, 842 (E.D.Pa.1999) (Forum shopping is destructive of the integrity of the courts and erodes public confidence in the judicial system); *Stellar Printing, Inc. v. Vernon Boulevard Realty, LLC*, 77 N.Y.S.3d 271, 277 (Sup. Ct., Queens County, 2018) ("In order to conserve precious judicial resources, courts must be wary of attempts by litigants to engage in such tactics [judge-shopping]".

10

Plaintiffs also filed the federal action to force Respondents to conduct discovery. Because election cases are special proceedings in state court, discovery is not permitted. *NY CPLR §408.* In federal court, however, parties are entitled to discovery pursuant to the Federal Rules of Civil Procedure, and discovery was exchanged in this case.

To summarize, the express language of the Election Law and principles of federalism and comity require this action to be adjudicated in state court. The state action, which was commenced first, is the proper forum for Election disputes and takes preference over all other causes in all courts. As Your Honor aptly stated,

> "[i]t just makes sense, right. Why would we proceed on two possibly conflicting tracks, it doesn't make sense to me and the expenditure of resources perhaps unnecessarily in this case if the same issues are going to be decided by a well-qualified jurist with jurisdiction over federal claims, federal constitutional claims, why not let him decide it. You filed that case first, you asked for his decision first, he is familiar with the intricacies of state election law, you'll get an expedited appeal if you don't like the way it comes out."

*Exhibit "B" of Attorney's Declaration, pgs. 25-26.*

## POINT II

## DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT IN THE EVENT THE COURT DOES NOT STAY OR ABSTAIN FROM DECIDING THIS CASE

Plaintiffs' state and federal challenges to the Election Law fail as a matter of law. The certificate of acceptance requirement of Election Law §6-146 has been repeatedly upheld and affirmed as constitutional on its face and as applied. Accordingly, if a stay or abstention is not granted, defendants are entitled to summary judgment pursuant to F.R.C.P. Rule 56.

### A.    Relevant facts

On or about May 21, 2019 and May 28, 2019, Independent Nominating Petitions for the EH Fusion Party for the following candidates were timely filed with the Board:

- David Gruber for the Public Office of Supervisor, Town of East Hampton;
- Bonnie Brady for the Public Office of Councilman, Town of East Hampton;
- Elizabeth A. Bambrick for the Public Office of Councilman, Town of East Hampton;
- Rona S. Klopman for the Public Office of Trustee, Town of East Hampton;
- Dell R. Cullum for the Public Office of Trustee, Town of East Hampton;
- Stephen M. Lester for the Public Office of Trustee, Town of East Hampton;
- Susan M. Vorpahl for the Public Office of Trustee, Town of East Hampton;
- David H. Talmage for the Public Office of Trustee, Town of East Hampton;
- Michael Havens for the Public Office of Trustee, Town of East Hampton;
- Fallon Nigro for the Public Office of Trustee, Town of East Hampton;
- Richard P. Drew II for the Public Office of Trustee, Town of East Hampton; and
- Simon V. Kinsella for the Public Office of Trustee, Town of East Hampton.

*Exhibit "1" of the Board's Declaration.*

None of the candidates are enrolled in the EH Fusion party because the EH Fusion Party is an "independent body" not a recognized by New York State as an official party. *NY EL §1-104(3).*

12

Accordingly, pursuant to Election Law § 6-146(1), the above mentioned candidates were each required to file with the Board a duly signed and acknowledged certificate of acceptance ("Acceptance") no later than May 31, 2019, otherwise their nominations must be deemed "null and void".

Furthermore, pursuant to Election Law § 1-106(2), the "failure to file any petition or certificate relating to the designation or nomination of a candidate for party position or public office **or the acceptance** or declination **of such designation or nomination** of this chapter shall be **a fatal defect**." [bold added]

As previously mentioned, the Plaintiffs were well aware of the Acceptance requirement, having previously filed Acceptances for nominations of other political parties of which they were not members of just a month or so earlier. *Exhibit "3" of the Board's Declaration*.

The Board notified all candidates on the EH Fusion Party petition, including the Plaintiffs, of the deadline to file the Acceptances on May 21, 2019. *Exhibit "4" of the Board's Declaration*. Subsequently candidates for Town Assessor Jill Massa and Jeanne W. Nielsen timely and properly filed duly acknowledged Acceptances. *Exhibit "10" of the Board's Declaration*.

With the exception of Simon V. Kinsella, all of the above mentioned candidates failed to file an Acceptance with the Board. Although Simon V. Kinsella timely filed a purported Acceptance, such document was defective, under state law, due to the lack of the required acknowledgment. *Exhibit "5" of the Board's Declaration*.

On June 5, 2019, the Board unanimously ruled that the aforementioned Independent Nominating Petitions were invalid due to the failure to timely file and/or properly file Acceptances. *Exhibit "6" of the Board's Declaration*. On that same date, the Board sent notices

13

to each of the candidates advising that their respective EH Fusion Party petitions were invalidated. *Exhibit "7" of the Board's Declaration*.

Thereafter on June 7, 2019, Plaintiffs Gruber, Drew, Klopman, Lester, Bambrick, Kinsella, and Brady improperly filed purported Certificates of Substitution to Fill Vacancies ("Substitution") seeking to substitute each of them, respectively, as a candidate of the EH Fusion Party for the same public offices for which they were originally named on the petition that was invalidated by the Board. *Exhibit "8" of the Board's Declaration*.

On June 10, 2019, Plaintiffs Cullum, Nigro and Vorpahl also improperly filed purported Substitutions seeking to substitute each of them, respectively, as a candidate of the EH Fusion Party for the same public offices for which they were originally named on the petition that was invalidated by the Board. *Exhibit "8" of the Board's Declaration*.

On June 11, 2019, Plaintiff Havens also improperly filed a purported Substitution seeking to substitute himself as a candidate of the EH Fusion Party for the same public offices for which he was originally named on the petition that was invalidated by the Board. *Exhibit "8" of the Board's Declaration*.

Each of the above referenced Substitutions incorrectly asserts that a vacancy was created by reason of "disqualification." However, as will be discussed more fully hereafter, the law is clear that a vacancy does not occur when a petition has been invalidated. *Matter of Turdik v. Bernstein*, 87 A.D.3d 748 (2d Dept., 2011). Rather, the designation or nomination is deemed null and void.

On June 13, 2019, the Board ruled that all of the above referenced Substitutions were invalid on the ground that no vacancy was created by reason of the Board's invalidation of the EH Fusion Party petition relating to the petitioners and therefore, the Committee to Fill

14

Vacancies was not authorized to act. *Exhibit "9"of the Board's Declaration*. Further, the Board stated assuming *arguendo*, a vacancy had been created, a candidate may not substitute his or herself for the same nomination. *Id*.

We also refer the Court to communications by or among Plaintiffs which demonstrate that the failure to file acceptances was solely due to their own misunderstanding of the law. See *Exhibit "C" of Attorney's Declaration.* Plaintiff David Gruber, an attorney and candidate sent an email to some of the Plaintiffs on April 4, 2019 reminding them of the legal requirement to file a "notarized 'acceptance'" for any nomination by a political party of which they are not a member and includes a copy of the Acceptance form. *Id*. Thereafter, by email dated June 5, 2019 presumably to all of the Plaintiffs, David Gruber admits that "[d]ue to a misapprehension on [his] …part" none of the EH Fusion Party candidates, with the exception of Jill Massa and Jeanne Nielsen, timely filed certificates of acceptance by the deadline of May 31. *Id*.

In an attempt to overcome this error, David Gruber, further compounding his misunderstanding the law, then erroneously suggests that they consider themselves disqualified to enable them to file certificates of substitution to fill vacancies, when in fact, the petition was found to be invalid. *Id.* What is most enlightening is that Mr. Gruber, while admitting his mistake, states he will do what he can "to retrieve this one." *Id.* These communications clearly evidence the frivolity of this litigation which should not be condoned by this Honorable Court.

**B.**     **The Board correctly invalidated the petitions for failure to file duly acknowledged acceptances.**

Election Law §6-146 provides in pertinent part: "[a] person designated as a candidate for nomination or for party position...if designated or nominated for a public office...by a party of which he is not a duly enrolled member..., such person shall, in a certificate signed and acknowledged by him, and filed as provided in this article, accept the designation or nomination as a candidate of each such party..., otherwise such designation or nomination shall be null and void." *See Election Law § 6-146(1)*.

A candidate's failure to timely file a certificate of acceptance, pursuant to Election Law § 6-146, is a "fatal defect" under Election Law § 1-106(2), which provides, in pertinent part, that the "failure to file any petition or certificate relating to the designation or nomination of a candidate for party position or public office or the acceptance or declination of such designation or nomination of this chapter shall be a fatal defect."

As concerns Petitioner Simon V. Kinsella, it is undisputed that the Acceptance filed did not contain an acknowledgment as required by Election Law § 6-146(1). The acknowledgement requirement of this section is to be strictly construed. As stated by the New York Court of Appeals in *Rhodes v. Salerno*, 57 NY2d 885, 442 NE2d 443, 456 NYS2d 45 (1982):

> Section 6–146 of the Election Law requires a candidate nominated by a political party other than of a party of which he is an enrolled member to accept or decline that nomination "in a certificate signed and acknowledged by him." The statute further provides that failure to comply will render the nomination null and void. We have repeatedly said that statutory commands as to matters of content must be strictly complied with.… The courts enjoy no discretion to allow candidates to deviate from these legislative mandates. (citations omitted).

There are no exceptions to the Acceptance requirement of Election Law 6-146. *See Quinn v. Power*, 28 A.D.2d 687, 687-88, 281 N.Y.S.2d 379, 380 [2d Dep't 1967] aff'd 20 N.Y.2d 682,

16

282 N.Y.S.2d 550 [1967] (A designating petition is not valid unless, in addition to a timely filing of a certificate of authorization by the party, there is also a timely filing of a certificate of acceptance by the candidate).

### C. The Election Law's Certificate of Acceptance requirement is constitutional under the New York and United States Constitutions.

State and federal courts have repeatedly affirmed and upheld the constitutionality of the Election Law §6-146(1) on its face and as applied. *See, e.g., Unity Party v. Wallace*, 707 F.2d 59 (2d Cir. 1983); *Matter of Dixon v. Clyne*, 87 A.D.3d 812 (3d Dept., 2011); *Matter of Carnahan v. Ward*, 44 A.D.3d 1249 (4th Dept., 2007). Furthermore, the Acceptance requirement must be strictly complied with. *Matter of Rhodes v. Salerno*, 57 N.Y.2d 885 (NY Court of Appeals, 1982); *Hockley v. Westchester Cty. Bd. of Elections*, 66 A.D.3d 898 (2d Dept., 2009); *Walter v. Milner*, 2008 WL 4771221 (Sup. Ct., Albany).

Plaintiffs, who are attacking the constitutionality of this duly enacted state statute, bear the burden of establishing its unconstitutionality. *Hewes v. Abrams*, 718 F.Supp. 163, 166 (SDNY 1989). Legislative enactments such as Election Law § 6-146(1) "are invested with an exceedingly strong presumption of constitutionality." *Town of Nuntinaton v. Park Shore Country Day Camp. Inc.* 47 N.Y.2d 61, 65 (1979). Accordingly, Plaintiffs bear "the very heavy burden of demonstrating beyond a reasonable doubt that the [statute] was violative of equal protection standards." *Id.; see also Port Jefferson Health Care Facility v. Wing*, 94 N.Y.2d 284, 289 (1999). Plaintiffs failed to carry this heavy burden.

17

Moreover, where, as here, Plaintiffs have not shown "invidious discrimination based upon wealth or race classifications or a preclusion of the right to vote, heightened scrutiny is not required." *Id. citing McGee, supra, at 77*. Instead, "[t]he challenged restriction is subject only to a rational basis analysis." *Id. citing Unity Party, supra, at 63*. Under a rational basis review, a law will be upheld so long as it advances a legitimate government interest. *See Heller v. Doe*, 509 U.S. 312, 319-320 (1993). Additionally, under rational basis review, courts are compelled to accept a legislative scheme "even when there is an imperfect fit between means and ends." *Id.* at 321. If there are "plausible reasons" for the challenged legislative action, a Court's inquiry is at an end. *F.C.C. v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313-14 (1993). Moreover, the legitimate objective which the court finds to support a classification need not have been articulated by the legislature in the statute or the legislative history. *See Heller*, 509 U.S. at 320 ("A State, moreover, has no obligation to produce evidence to sustain the rationality of a statutory classification. A legislative choice is not subject to courtroom fact finding and may be based on rational speculation unsupported by evidence or empirical data.")

The rational basis of Election Law §6-146(1) "is found in New York's legitimate, even compelling, interest in protecting the integrity and efficiency of its electoral process. The requirement that an acceptance be acknowledged reflects the legislative purpose of preventing election fraud." *Unity Party, supra*. The Court in *Unity* held that "[n]o weighty burden was placed on appellants' rights by §6-146(1). Appellants were not totally excluded from voting or prevented from associating with the political group of their choice." 707 F.2d at 62. Moreover, "…any encumbrance on appellants' rights to vote and politically associate is at best *de minimus* and New York may justify the restriction by advancing a rational basis for it." *Id.*

With regard to Plaintiffs' First Amendment and Equal Protection claims, the Second Circuit has held that "a § 1983 action to remedy errors in the election process allegedly violating the equal protection clause does not exist unless the state action constituted intentional or purposeful discrimination." *Gold v. Feinberg*, 101 F.3d 796, 800 (2d Cir. 1996) (quoting *Powell v. Power*, 436 F.2d 84, 88 (2d Cir. 1970)).   Plaintiffs have not made any such showing. Conversely, the Court in *Unity* held:

> Moreover, the statutory requirement here bears no resemblance to those burdens that have been found to violate the Equal Protection Clause. State election laws that create classifications heavily weighing down independent candidates or small political parties call for strict scrutiny. Nor does the challenged statute employ a scheme based on classifications such as race or economic status, which are suspect. **Thus, we conclude that by enacting § 6–146(1) New York did not hang a millstone around the necks of small or minor political parties to sink them in discriminate fashion, violative of their Fourteenth Amendment rights**.

*Id.* at 63 [bold added] [internal citations omitted]

Indeed, it was only the "careless or inadvertent failure to follow the mandate of the statute" that gives rise to Plaintiffs' claim here. *Id. citing Matter of Hutson v. Bass*, 54 N.Y.2d 772, 774 (1981). The Plaintiffs' carelessness is exemplified by the fact that all of the individually named Plaintiffs previously filed Acceptances for other nominations of which they were not a party in 2019 in accordance with the Election Law. The requirement that candidates nominated by an independent body also file a duly acknowledged certificate of acceptance "is not more than a flimsy wicket kind of bar—an insignificant hurdle." *Id*.; *see also Schulz v. Williams*, 44 F.3d 48, 55 (2d Cir. 1994) (the decision in *Unity Party* "rightly concluded" that the acceptance requirement imposed only a *de minimis* burden).

Similarly, courts in New York have affirmed the federal constitutionality of the Election Law's Acceptance requirement. For instance, in *Matter of Dixon v. Clyne*, 87 A.D.3d 812 (3rd

Dept., 2011) the Court held "Election Law §6-146(1) is facially constitutional and, contrary to petitioner's argument, we are unpersuaded that it offends his rights to due process or equal protection under the facts of this case." In *Matter of Carnahan v. Ward*, 44 A.D.3d 1249 (4th Dept., 2007), the Court held, "[c]ontrary to the contention of petitioner, Election Law § 6-146 (1) does not violate his constitutional right to equal protection. The requirement that a candidate nominated by an independent body file a certificate of acceptance imposes only a minimal burden on independent candidates and small political parties and is rationally related to the State's interest in "preventing election fraud." *Id*. [citations omitted]

Accordingly, Plaintiffs' challenge to the federal and state constitutionality of Election Law §6-146(1) under 42 U.S.C. §1983,:First Amendment, Equal Protection, and Due Process, fails as a matter of law. As stated in *Unity*,

> The path chosen here by the State Legislature—requiring an acknowledgment of a candidate's acceptance for office—is a rational one and plainly well-suited to the State's legitimate purpose. Appellants' attack on New York Election Law § 6–146(1) as a denial of equal protection and as an unconstitutional burden on rights arising under the First and Fourteenth Amendments must therefore fail.

### D. Filing Certificates of Substitution by Committee to Fill Vacancies did not cure the Plaintiffs' fatal error of not filing duly acknowledged Certificates of Acceptance.

Plaintiffs also put forth a generic election law dispute that the Certificates of Substitutions filed by the Committee to Fill Vacancies remediated the fatal error of not filing duly acknowledged Acceptances. However, it is axiomatic that vacancies are not created by the invalidation of Plaintiffs' nominating petitions. Rather, the designation or nominations are

deemed null and void. Therefore, substitutions could not be made, and were properly invalidated by the Board.

In *Matter of Turdik v. Bernstein*, 87 A.D.3d 748 (2d Dept. 2011), a case directly on point, following invalidation of his designating petition by the Board, the candidate filed a Certificate of Substitution to Fill a Vacancy naming himself for the public office on the petition that was invalidated by the Board.  The Court found that a valid designating petition is a prerequisite to the creation of a vacancy. Since the designating petition was invalidated, there was no vacancy that was created.  *See also, Nowik v Jablonski*, 133 AD 2d 874 (2d Dept. 1987).

Moreover, the Court noted that even if a vacancy had been created, the Committee Authorized to fill vacancies could not attempt to name the same person who was originally named in the designating petition, which is precisely what each of the Plaintiffs sought to do in the within matter. "The Election Law plainly contemplates that the candidate designated to fill a vacancy shall be a person other than the person originally named. (citations omitted)." *Id.* Similarly, in this case, it was improper for the EH Fusion candidates to substitute themselves for purported vacancies created by their own invalidation.

Even in a situation where there is a true "disqualification" of a candidate, a substitution will only be permitted where the petition has been determined to be valid.   Where disqualification occurs and the petition is found invalid, substitution of a candidate will not be permitted.  Generally, a disqualification occurs when a candidate loses eligibility to hold office, such as for failure to meet residency requirements. See eg., *Owens v. Sharpton,* 45 NY2d 794 (1978)(candidate failed to comply with residency requirement);  *Chaimowitz v. Calcaterra*, 76 AD3d 685 (2d Dept 2010)(candidate failed to meet state residency requirement for public

office).   In some instances where a candidate has been disqualified, invalidation of the petition has occurred where the signature gathering process has been tainted by fraud. Courts have held, only where there is a disqualification and finding that the petition is valid may a committee to fill vacancies make a substitution.   See *Owens* at 794; *Espada v. Diaz*, 98 NY2d 715 (2002).   In the instant case, the petition has been invalidated albeit on different grounds.

Further, if a candidate was "disqualified" from running for a particular office, it would follow that such candidate would be disqualified from running for such office in all respects irrespective of the political party nominations or designations.

Accordingly, the Substitutions filed by Plaintiffs were legally impermissible, and properly rejected by the Board. Defendants are entitled to summary judgment on this cause of action.

Notably, generic election law disputes, such as this, are not appropriately litigated in a federal forum. Indeed, "[a]bsent a clear and unambiguous mandate from Congress," this Court has declared itself disinclined "to undertake such a wholesale expansion of [its] jurisdiction into an area which, with certain narrow and well defined exceptions, has been in the exclusive cognizance of the state courts." *Powell v. Power*, 436 F.2d 84, 86 (2d Cir. 1970).

Garden variety election disputes have no place in federal courts. The Second Circuit in *Rivera-Powell v. New York City Bd. of Elections*, 470 F.3d 458 (2d Cir., 2006) held:

> We would thereby undermine our holding—one which we share with many other circuits—that federal court intervention in "garden variety" election disputes is inappropriate. *Shannon v. Jacobowitz*, 394 F.3d 90, 96 (2d Cir.2005) (describing the case as presenting a "paradigmatic example of a garden variety election dispute" which does not violate the Due Process Clause) (internal quotation marks omitted); *see Powell v. Power*, 436 F.2d 84, 86 (2d Cir.1970) (warning against federal courts' "be[ing] thrust into

the details of virtually every election, tinkering with the state's election machinery, reviewing petitions, registration cards, vote tallies, and certificates of election for all manner of error and insufficiency under state and federal law").

Lastly, this cause of action is untimely under the Election Law. As previously mentioned, Election Law §16-102(2) provides in part, that a "proceeding with respect to a petition shall be instituted within fourteen days after the last day to file the petition, or within three business days after the officer or board with whom or which such petition was filed, makes a determination of invalidity with respect to such petition, whichever is later…." Accordingly, the deadline to file an action was June 10, 2019. One cannot circumvent this statute by creative lawyering. *See, e.g., Caruso v. Burns*, 2017 WL 5195949 (Sup. Ct., Putnam Co. 2017) (one cannot employ a CPLR Article 78 proceeding to circumvent statute of limitation under Article 16 of the Election Law). Any and all claims arising from the purported Substitutions are untimely and should be dismissed accordingly.

## POINT III

## PLAINTIFFS CANNOT AVOID THE CONSEQUENCES OF THEIR MISTAKE BY CLAIMING ONE PLAINTIFF WAS ALLEGEDLY "MISINFORMED" BY THE BOARD

Plaintiffs claim they were denied "due process of law" and that Defendants violated the Election Law because, allegedly, RONA KLOPMAN "asked both the Republican and Democratic representatives receiving the petitions whether anything else needed to be done or any paperwork needed to be filed other than what was then being submitted" and they said nothing. *ECF Doc. No. 1, paragraphs 26 and 39*.

First, this claim is untimely pursuant to Election Law §16-102(2).

23

Second, this is not a proper due process allegation. Plaintiffs cannot invoke the jurisdiction of this court by calling generic state election disputes "due process" violations. Only deprivations of life, liberty or property without due process of law are proscribed by the Due Process Clause. *Parratt v. Taylor*, 451 U.S. 527, 527 (1981) (Due Process clause does not protect against all deprivations of constitutionally protected interests in life, liberty or property, but "only against deprivations without due process of law."). Furthermore, there can be no due process violation because Plaintiffs can obtain full judicial review by way of an expedited special proceeding under New York Election Law § 16-102. Plaintiffs have availed themselves of this process by filing the state action.

Third, even assuming Plaintiffs allegations are true, which they are not, "the Due Process Clause is simply not implicated by a negligent act of a [State] official." *Daniels v. Williams*, 474 U.S. 327, 328 (1986), *see also Gold*, 101 F.3d at 800 ("more than negligent conduct by the state actor is needed in order for a cognizable §1983 claim to exist based on violations of the due process clause").

Fourth, and most important, it is undisputed the Board mailed to each and every Plaintiff a notice that expressly notified them of the requirement and deadline to file the Acceptance. Thus, even if, for purposes of argument, one Plaintiff was allegedly misinformed by two Board employees, a point we do not concede, such action does not absolve all Plaintiffs from strictly complying with Election Law requirements. The Board consists of two Commissioners and those two Commissioners advised Plaintiffs of the legal deadline to file Acceptances. Employees of the Board do not constitute the Board and to rule otherwise would wreak havoc on the electoral process.

24

Fifth, even if Plaintiffs' assertion is accepted as true, the statements were, in fact, accurate in response to whether anything else was necessary in conjunction with the ministerial act of accepting the Independent Nominating Petition.

Sixth, and last, garden variety election law disputes, such as this, must be litigated in a state forum in a validating proceeding pursuant to the Election Law.

## CONCLUSION

For all the reasons and arguments presented, it is respectfully requested that the County's motion to stay this instant action, or alternatively, abstain from deciding the issues of this case pending resolution of the related state action, or alternatively, grant Defendants summary judgment pursuant to Fed. R. Civ. P. 56, and for such other further relief this Court deems just and necessary.

Dated: Hauppauge, New York
      July 17, 2019

                     Respectfully submitted,

                     DENNIS M. BROWN
                     Suffolk County Attorney
                     *Attorney for defendants*
                     100 Veterans Memorial Highway
                     Hauppauge, NY 11788-0099

By:   */s/ Daniel E. Furshpan*
                     Daniel E. Furshpan
                     Assistant County Attorney
                     (631) 853-6187