UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EH FUSION PARTY, DAVID GRUBER, BONNIE BRADY, ELIZABETH A. BAMBRICK, RONA S. KLOPMAN, DELL R. CULLUM, RICHARD P. DREW, II, SUSAN M. VORPHAL STEPHEN M. LESTER, DAVID TALMAGE, FALLON NIGRO, MICHAEL HAVENS, and SIMON V. KINSELLA, *Plaintiffs,*  v.  SUFFOLK COUNTY BOARD OF ELECTIONS, COMMISSIONER ANITA S. KATZ, and COMMISSIONER NICK LALOTA, *Defendants.* | **PLAINTIFFS' RESPONSE TO DEFENDANTS' LOCAL CIVIL RULE 56.1 STATEMENT**  2:19-CV-03511 (KAM) (SJB) |

Plaintiffs, by their attorneys Cohen&Green P.L.L.C. and Ratschko Wallace PLLC, submit this statement ("Response") pursuant to Rule 56.1 of the Local Civil Rules of the United States District Court for the Eastern District of New York, responding to Defendants' Rule 56.1 Statement of Material Facts about which they contend there is no genuine issue to be tried.

Plaintiffs generally object to the purported assertions of fact to the extent they are not material facts and to the extent they are not supported by admissible evidence in contravention of Local Rule 56.1. For the purposes of clarity in this Response, Plaintiffs adopt the style of reference used by Defendants herein, and otherwise conform to the conventions in other documents filed in support of/opposition to this and Plaintiffs' own motions.

1. On or about May 21, 2019 and May 28, 2019, Independent Nominating Petitions for the EH Fusion Party for the following candidates were timely filed with the Board:

- David Gruber for the Public Office of Supervisor, Town of East Hampton;
- Bonnie Brady for the Public Office of Councilman, Town of East Hampton;
- Elizabeth A. Bambrick for the Public Office of Councilman, Town of East Hampton;

- Rona S. Klopman for the Public Office of Trustee, Town of East Hampton;
- Dell R. Cullum for the Public Office of Trustee, Town of East Hampton;
- Stephen M. Lester for the Public Office of Trustee, Town of East Hampton;
- Susan M. Vorpahl for the Public Office of Trustee, Town of East Hampton;
- David H. Talmage for the Public Office of Trustee, Town of East Hampton;
- Michael Havens for the Public Office of Trustee, Town of East Hampton;
- Fallon Nigro for the Public Office of Trustee, Town of East Hampton;
- Richard P. Drew II for the Public Office of Trustee, Town of East Hampton; and
- Simon V. Kinsella for the Public Office of Trustee, Town of East Hampton.

*Exhibit "1" of Gail M. Lolis and Erin McTiernan's Declaration (hereinafter "Board's Declaration").*

**RESPONSE 1**:  **Admit.**

2.  None of the candidates are enrolled in the EH Fusion party. *Exhibit "2" of Board's Declaration.*

**RESPONSE 2**:  **Admit**, insofar as EH Fusion Party is not permitted to have **any** candidates "enrolled" under the Election Law as written and enforced.  **Dispute** insofar as this implies that the EH Fusion Party is not entirely constituted by and coextensive with the Plaintiffs.

3.  Pursuant to Election Law § 6-146(1), the Plaintiffs were each required to file with the Board a duly signed and acknowledged certificate of acceptance ("Acceptance") otherwise their nominations "shall be null and void."

**RESPONSE 3**:  This statement is a conclusion of law, not a material fact.  **Admit** that this statement accurately describes how Defendants' apply the Election Law.

4.  The requirement to file an Acceptance also applies to candidates other than those nominated by independent bodies. For example, persons nominated by parties of which they are not members as well as those nominated by more than one party must also fulfill this same requirement for their names to appear as such party's candidates.

**RESPONSE 4**:  **Dispute**.  Whether the requirement, as applied, is actually "applie[d] to candidates other than those nominated by independent bodies" presents a statistical question for which no admissible evidence is cited.  To that end, the major Parties, in practice, simply have their candidates file a blanket Acceptance, regardless and entirely without any reference to the nominations their candidates may or may not have received, avoiding the need to grapple with the requirement at all.  July 17, 2019 Declaration of Remy Green ("Green Dec."; exhibits "Green Ex."s), Ex. 15 at EHFP_000880; 883; 887; 891; 892; 896; 898; 900; 904; 906; and 933-34 (blank form acceptance used by the Republican Party); Green Ex. 7 at 4-7; and Green Ex. 14 at BOE_000217-219.  The major Parties's candidates thus, essentially face no burden or restriction even where the law technically applies to them.  Thus the burden as applied dramatically falls

more restrictively and severely (by design and explicit letter of the law) on independent bodies than it does on Parties.  *See also* 56.1 ¶¶ 47-52.

Further, **Dispute** as there is a material question of fact over whether, in practice, the burden the requirement poses is made substantially lighter for major Parties by the practices of the BOE.  The BOE is directed the Guide to specifically guide major Parties on deadlines and requirements as part of the Wilson-Pakula process — which process generally includes the filing of a certificate of acceptance (Pla's Aff. 56.1(b) ¶ 2) — but does not provide any such assistance to non-Parties.  Compare Guide at 41 ("Acceptances") with Guide at 42 ("Authorizations") (directing BOE officials to "[c]heck the political calendar and be sure [P]arty officials are aware of the authorization deadlines."); Pla's Aff. 56.1(b) ¶¶  5-9.

5. Each of the Plaintiffs had previously filed an Acceptance for other political parties of which they were not members in 2019. *Exhibit "3" of Board's Declaration.*

**RESPONSE 5:**  **Admit**, except **Dispute** insofar as Plaintiffs are "members" of the EH Fusion Party in any ordinary English sense of that expression (and indeed, are its *only* members)**.**

Further, **Dispute** insofar as Plaintiffs are only not "members" of the EH Fusion Party because they are forbidden from being members thereof by the Election Law itself (which constitutes explicit discrimination between major Parties and minor parties by the Election Law). *See* 56.1 ¶ 51-52; 58; Pla's Aff. 56.1(b) ¶ 10-11.

Further, **Dispute** that Plaintiffs filed any certificate of acceptance knowingly or understanding anything other than, in essence, "I am signing the party paperwork."  Note that the Independence Party (a major Party)'s chairperson "thought if you didn't decline you accepted." Pla's Aff. 56.1(b) ¶ 10-11.

6. The Board notified the Plaintiffs of the deadline to file an Acceptance in a letter dated May 21, 2019. The letter states "The last day to **Accept OR Decline** such nomination is **Friday, May 31, 2019**." *Exhibit "4" of Board's Declaration.*

**RESPONSE 6:**  **Dispute.**  The document cited does not "notif[y]the Plaintiffs of the deadline to **file** an Acceptance" (emphasis added):

The May 21, 2019 letter does not provide any notice as to the need to "file" anything, let alone "file an Acceptance," specifically meaning a signed, notarized document, in physical copy, not to be submitted by facsimile or email (as is implied by the use of the defined term "Acceptance" here, as opposed to the undefined phrase "Accept OR Decline" in the letter). Board Dec., Ex. 4.

Further note that the ordinary English construction of the phrase "The last day to **Accept OR Decline** such nomination is **Friday, May 31, 2019**" would be that the "acceptance" should be directed to the body who gave the recipient of the letter a nomination, and not the Board at all. *Id*.  *See also,* 56.1 ¶¶ 34-44 (one Plaintiff interpreted this letter to have its ordinary English

meaning; another was counseled that it did not require any affirmative response by a Republican representative of the BOE); Pla's Aff. 56.1(b) ¶ 10-11 (Independence Party chair shared the understanding the Republican representative had, matching the text on the face of the letter).

Nonetheless, **Admit** that the Board sent a letter where the only information provided to Plaintiffs was "The last day to **Accept OR Decline** [the EH Fusion Party's] nomination is **Friday, May 31, 2019**."

7. Simon V. Kinsella filed an Acceptance before May 31, 2019 but it was defective due to the lack of the required acknowledgment. *Exhibit "5" of Board's Declaration.*

**RESPONSE 7**: **Admit** Plaintiff Kinsella timely filed a letter with the Board notifying the Board he accepted the EH Fusion Party's nomination. That Acceptance's validity is a matter of law, and the permissibility of the implementation of such a restriction is the subject of this lawsuit.

Nonetheless, **Admit** that the Board rejected that Acceptance merely because the signature on it was not notarized and without providing any chance to correct the omission.

8. Plaintiffs David Gruber, Bonnie Brady, Elizabeth A. Bambrick, Rona S. Klopman, Dell R. Cullum, Richard P. Drew II, Susan M. Vorpahl, Stephen M. Lester, David Talmage, Fallon Nigro, and Michael Havens failed to timely file an Acceptance. *Exhibit "6" of Board's Declaration.*

**RESPONSE 8**: **Admit**.

9. On June 5, 2019, the Board unanimously ruled that the aforementioned Independent Nominating Petitions were invalid due to the failure to timely file and/or properly file Acceptances. *Exhibit "6" of Board's Declaration.*

**RESPONSE 9**: **Admit**, though note that "unanimously" refers to the decision of two people, both Defendants here. Green Ex. 14 at BOE_000214.

10. On that same date, the Board sent notices to each of the candidates advising that their respective EH Fusion Party petitions were invalidated. *Exhibit "7" of Board's Declaration.*

**RESPONSE 10**: **Admit**.

11. Thereafter on June 7, 2019, Plaintiffs Gruber, Drew, Klopman, Lester, Bambrick, Kinsella, and Brady filed purported Certificates of Substitution to Fill Vacancies ("Substitution") seeking to substitute each of them, respectively, as a candidate of the EH Fusion Party for the same public offices for which they were originally named on the petition that was invalidated by the Board. *Exhibit "8"of Board's Declaration.*

**RESPONSE 11**: **Admit**, except as to the use of the word "purported," and note that these Certificates also contained notarized Certificates of Acceptance as the EH Fusion Party nomination.

12. On June 10, 2019, Plaintiffs Cullum, Nigro and Vorpahl also filed purported Substitutions seeking to substitute each of them, respectively, as a candidate of the EH Fusion Party for the same public offices for which they were originally named on the petition that was invalidated by the Board. *Exhibit "8" of Board's Declaration.*

**RESPONSE 12**: **Admit**, except as to the use of the word "purported," and note that these Certificates also contained notarized Certificates of Acceptance as the EH Fusion Party nomination. *See Board Exhibit "8".*

13. On June 11, 2019, Plaintiff Havens also filed a purported Substitution seeking to substitute himself as a candidate of the EH Fusion Party for the same public offices for which he was originally named on the petition that was invalidated by the Board. *Exhibit "8" of Board's Declaration.*

**RESPONSE 13**: **Admit**, except as to the use of the word "purported," and note that these Certificates also contained notarized Certificates of Acceptance as the EH Fusion Party nomination. *See Board Exhibit "8".*

14. On June 13, 2019, the Board ruled that all of the above referenced Substitutions were invalid on the ground that no vacancy was created by reason of the Board's invalidation of the EH Fusion Party petition relating to the petitioners and therefore, the Committee to Fill Vacancies was not authorized to act and further, assuming *arguendo*, a vacancy had been created, a candidate may not substitute his or herself for the same nomination. *Exhibit "9" of Board's Declaration.*

**RESPONSE 14**: **Admit** the Board so ruled.

15. EH Fusion Party candidates Jill Massa and Jeanne W. Nielsen timely filed duly acknowledge Certificates of Acceptance for their nomination as candidates for Town Assessor, and, consequently, their names will appear on the ballot this November 2019 General Election. *Exhibit "10" of Board's Declaration*.

**RESPONSE 15**: **Admit**.


Dated: Queens, New York
       July 25, 2019

                                        Cohen&Green PLLC

                                        By: _____/s/_____
                                            J. REMY GREEN
                                            Cohen&Green P.L.L.C.

*Attorneys for Plaintiff*
1639 Centre Street, Suite 216
Ridgewood, NY 11385
remy@femmelaw.com
(929) 888-9480


Jonathan Wallace Esq.
Ratschko Wallace PLLC
30 Broad Street 14th floor
NY NY 10004
917-359-6234
jwallace@ratschko.com