# **PRELIMINARY STATEMENT**

This proceeding seeks to compel the Suffolk County Board of Elections ("the Board") to accept Petitioners' independent nominating petitions as valid; or alternatively, accept Petitioners' nominations effected by the filing of a signed Certificate of Substitution by Committee to Fill Vacancies.  *See: Petition, attached to Attorney's Affirmation.*

Petitioners also seek "…a declaration that imposing the Certificate of Acceptance requirement and/or any application of the remedy for ballot disqualification of Substitution by Committee to Fill Vacancy on political associations differentially violates Art. I, Sec. 11 of the Constitution of the State of New York…"  *Id.*

Not only is the relief sought by Petitioners legally impermissible by virtue of the New York State Election Law ("NY EL"), but state and federal appellate courts have already rejected Petitioners' claims and arguments in whole.

Respondents now move for a complete dismissal of this meritless action.

1

## STATEMENT OF FACTS

On or about May 21, 2019 and May 28, 2019, Independent Nominating Petitions for the EH Fusion Party for the following candidates were timely filed with the Board:

- David Gruber for the Public Office of Supervisor, Town of East Hampton
- Bonnie Brady for the Public Office of Councilman, Town of East Hampton
- Elizabeth A. Bambrick for the Public Office of Councilman, Town of East Hampton
- Rona S. Klopman for the Public Office of Trustee, Town of East Hampton
- Dell R. Cullum for the Public Office of Trustee, Town of East Hampton
- Stephen M. Lester for the Public Office of Trustee, Town of East Hampton
- Susan M. Vorpahl for the Public Office of Trustee, Town of East Hampton
- David H. Talmage for the Public Office of Trustee, Town of East Hampton
- Michael Havens for the Public Office of Trustee, Town of East Hampton
- Fallon Nigro for the Public Office of Trustee, Town of East Hampton
- Richard P. Drew II for the Public Office of Trustee, Town of East Hampton
- Simon V. Kinsella for the Public Office of Trustee, Town of East Hampton.

*See: Exhibit "A", Independent Nominating Petitions.*[1]

Pursuant to NY EL § 6-146, the above mentioned candidates were each required to file with the Board a duly signed and acknowledged certificate of acceptance ("Acceptance") no later than May 31, 2019,

---

[1] All exhibits referenced in this Memorandum of Law are to the exhibits attached to Respondent's Return.

2

otherwise such nominations must be deemed "null and void". NY EL §6-146(1).

The candidates were notified of the deadline in a notice mailed to each candidate on May 21, 2019. *Exhibit "B"*.

With the exception of Simon V. Kinsella, all of the above mentioned candidates failed to file an Acceptance with the Board. Although Simon V. Kinsella timely filed a purported Acceptance, such document was defective due to the lack of the required acknowledgment. *Exhibit "C"*.

On June 5, 2019, the Board unanimously ruled that the aforementioned Independent Nominating Petitions were invalid due to the failure to timely file and/or properly file Acceptances. *Exhibit "D"*. On that same date, the Board sent notices to each of the candidates advising that their respective EH Fusion Party petitions were invalidated. *Exhibit "E"*.

Thereafter on June 7, 2019, Petitioners Gruber, Drew, Klopman, Lester, Bambrick, Kinsella, and Brady improperly filed purported Certificates of Substitution to Fill Vacancies ("Substitution") seeking to substitute each of them, respectively, as a candidate of the EH Fusion Party for the same public offices for which they were originally named on the petition that was invalidated by the Board. *Exhibit "F"*.

On June 10, 2019, Petitioners Cullum, Nigro and Vorpahl also improperly filed purported Substitutions seeking to substitute each of them, respectively, as a candidate of the EH Fusion Party for the same public offices for which they were originally named on the petition that was invalidated by the Board. *Exhibit "F"*.

On June 11, 2019, Petitioner Havens also improperly filed a purported Substitution seeking to substitute himself as a candidate of the EH Fusion Party for the same public offices for which he was originally named on the petition that was invalidated by the Board. *Exhibit "F"*.

Each of the above referenced Substitutions incorrectly assert that a vacancy was created by reason of "disqualification." The law, however, is clear that a vacancy does not occur when a petition has been invalidated. Rather, the designation or nomination is deemed null and void.

On June 13, 2019, the Board ruled that all of the above referenced Substitutions were invalid on the ground that no vacancy was created by reason of the Board's invalidation of the EH Fusion Party petition relating to the petitioners and therefore, the Committee to Fill Vacancies was not authorized to act and further, assuming arguendo, a vacancy had been created, a candidate may not substitute his or herself for the same nomination. *Exhibit "G"*.

4

## **POINT I**

## **THE BOARD CORRECTLY INVALIDATED THE PETITIONS FOR FAILURE TO FILE DULY ACKNOWLEDGED ACCEPTANCES.**

NY EL §6-146 provides, in pertinent part: "[a] person designated as a candidate for nomination or for party position…it designated or nominated for a public office…by a party of which he is not a duly enrolled member…, such person shall, in a certificate signed and acknowledged by him, and filed as provided in this article, accept the designation or nomination as a candidate of each such party…, otherwise such designation or nomination shall be null and void." See NY EL § 6-146(1).

A candidate's failure to timely file a certificate of acceptance, pursuant to NY EL § 6-146, is a "fatal defect" under NY EL § 1-106(2), which provides, in pertinent part, that the "failure to file any petition or certificate relating to the designation or nomination of a candidate for party position or public office or the acceptance or declination of such designation or nomination of this chapter shall be a fatal defect."

As concerns Petitioner Simon V. Kinsella, it is undisputed that the Acceptance filed did not contain an acknowledgment as required by NY EL 6-146(1). The acknowledgement requirement of this section is to be strictly

construed. As stated in *Rhodes v. Salerno*, 57 NY2d 885, 442 NE2d 443, 456 NYS2d 45 (1982):

> "section 6–146 of the Election Law requires a candidate nominated by a political party other than of a party of which he is an enrolled member to accept or decline that nomination "in a certificate signed and acknowledged by him." The statute further provides that failure to comply will render the nomination null and void. We have repeatedly said that statutory commands as to matters of content must be strictly complied with…. The courts enjoy no discretion to allow candidates to deviate from these legislative mandates. (citations omitted).

Indeed, the acknowledgement requirement "reflects the legislative purpose of preventing election fraud…"[a]bsent an acknowledged acceptance requirement, the State's ballots could be unnecessarily crowded and confused with names of independent nominees who had no desire to run for public office. Preventing ballot overcrowding and voter confusion is a legitimate interest of New York." *Unity Party v. Wallace*, 707 F.2d 59, 63-64 (2d Cir. 1983).

As relates to all other Petitioners, it is undisputed that each failed to file an Acceptance. Rather, they erroneously argue, without any legal support, that the Election Law requirements should not apply to them.

Petitioners Bambrick, Brady, Gruber, and Klopman baselessly claim the Acceptance requirement did not apply to them because they "obtained their own signatures and filed nominating petitions on which they were

6

witnesses under penalty of perjury..." *See Petition ¶26*. However, that same argument was made, and rejected, in *Hockley v. Westchester Cty. Bd. of Elections*, 66 A.D.3d 898, 886 N.Y.S.2d 642 (2d Dep't 2009). The Court stated, in part:

> Although the record indicates that the petitioner candidate personally solicited and witnessed many of the signatures contained in the nominating petition and personally filed that petition with the Westchester County Board of Elections, it is undisputed that the petitioner failed to file a certificate of acceptance. This failure to file the required certificate constituted a "fatal defect" (Election Law § 1-106 [2]), and "the judiciary is foreclosed from fashioning any exceptions to this requirement, however reasonable they might appear" (citations omitted).

There are no exceptions to the Acceptance requirement of NY EL 6-146(1). *See Quinn v. Power*, 28 A.D.2d 687, 687-88, 281 N.Y.S.2d 379, 380 [2d Dep't 1967] aff'd 20 N.Y.2d 682, 282 N.Y.S.2d 550 [1967] (A designating petition is not valid unless, in addition to a timely filing of a certificate of authorization by the party, there is also a timely filing of a certificate of acceptance by the candidate).

To the extent some Petitioners attempt to argue that the Acceptance requirement doesn't apply to them because they are enrolled members of the EH Fusion Party, that is incorrect as a matter of law, and Board records belie any such claim.

7

The EH Fusion Party is an "independent body" that is not a recognized by New York State as an official party. NY EL §1-104(3). No person can be enrolled in a party that is not officially recognized by New York State.

Attached are the Petitioners' voter registration records. *Exhibit "H"*. None of them are, or ever have been, enrolled in the EH Fusion Party. Brady is a registered Democrat and has been since November 27, 1991; Bambrick has not been registered to any party since November 15, 2011; Cullum is a registered Democrat and has been since November 14, 2017; Drew is a registered Democrat and has been since November 11, 2003; Gruber is a registered Democrat and has been since March 10, 1992; Havens is a registered Republican and has been since November 14, 2017; Kinsella is a registered Democrat and has been since May 16, 2018; Klopman is a registered Democrat and has been since August 5, 1991; Lester is a registered Democrat and has been since April 15, 1999; Nigro is a registered Republican and has been since June 1, 2011; Talmage is a registered Republican and has been since October 4, 2018; and Vorpahl is a registered Republican and has been since November 14, 2017.

As the record establishes that Petitioners are not, nor ever have been, enrolled in the unrecognized EH Fusion Party, Petitioners are not exempt from the Acceptance requirement of NY EL §6-146.

## POINT II

## FILING CERTIFICATES OF SUBSTITUTION BY COMMITTEE TO FILL VACANCIES DOES NOT CURE THE PETITIONERS' FATAL ERROR OF NOT FILING CERTIFICATES OF ACCEPTANCE.

In *Matter of Turdik v. Bernstein*, 87 A.D.3d 748 (2d Dept. 2011), a case directly on point, following invalidation of his designating petition by the Board, the candidate filed a Certificate of Substitution to Fill a Vacancy naming himself for the public office on the petition that was invalidated by the Board. The Court found that a valid designating petition is a prerequisite to the creation of a vacancy. Since the designating petition was invalidated, there was no vacancy that was created. S*ee also, Nowik v Jablonski*, 133 AD 2d 874 (2d Dept. 1987).

Moreover, the Court noted that even if a vacancy had been created, the Committee Authorized to fill vacancies could not attempt to name the same person who was originally named in the designating petition, which is precisely what each of the petitioners sought to do in the within matter.

9

"The Election Law plainly contemplates that the candidate designated to fill a vacancy shall be a person other than the person originally named. (citations omitted)." *Id.*

Accordingly, the Substitutions filed by Petitioners were legally impermissible, and properly rejected by the Board.

### POINT IV

### PETITIONERS' CONSTITUTIONAL CHALLENGE FAILS AS A MATTER OF LAW.

Petitioners' fourth, fifth, and sixth cause of actions challenge the Acceptance requirement of NY EL §6-146(1) under the constitutions of New York State and the United States of America.

The Acceptance requirement has already been upheld as constitutional in state and federal court.

In *Matter of Dixon v. Clyne*, 87 A.D.3d 812 (3rd Dept., 2011) the Court held "Election Law §6-146(1) is facially constitutional and, contrary to petitioner's argument, we are unpersuaded that it offends his rights to due process or equal protection under the facts of this case."

In *Matter of Carnahan v. Ward*, 44 A.D.3d 1249 (4th Dept., 2007), the Court held, "[c]ontrary to the contention of petitioner, Election Law § 6-146 (1) does not violate his constitutional right to equal protection. The requirement that a candidate nominated by an independent body file a certificate of acceptance imposes only a minimal burden on independent candidates and small political parties and is rationally related to the State's interest in "preventing election fraud." *Id.* [citations omitted]

In *Unity Party v. Wallace*, 707 F.2d 59 (2d Cir.) (1983), which dealt with the same constitutional challenges alleged in the petition, the Court held, *inter alia*, "[n]o weighty burden was placed on appellants' rights by §6-146(1). Appellants were not totally excluded from voting or prevented from associating with the political group of their choice." *Id.* at 62. Moreover, "…any encumbrance on appellants' rights to vote and politically associate is at best *de minimus* and New York may justify the restriction by advancing a rational basis for it." *Id.*

Indeed, it was only the "careless or inadvertent failure to follow the mandate of the statute" that gives rise to the Petitioners' claim. *Id. citing Matter of Hutson v. Bass*, 54 N.Y.2d 772, 774 (1981). Notably, the Court held that the Certificate of Acceptance requirement "is not more than a flimsy wicket kind of bar—an insignificant hurdle." *Id.*

11

With regard to the equal protection claims alleged in Petitioners' fifth and sixth cause of actions, the Court in *Unity* held:

> Moreover, the statutory requirement here bears no resemblance to those burdens that have been found to violate the Equal Protection Clause. State election laws that create classifications heavily weighing down independent candidates or small political parties call for strict scrutiny. Nor does the challenged statute employ a scheme based on classifications such as race or economic status, which are suspect. Thus, we conclude that by enacting § 6–146(1) New York did not hang a millstone around the necks of small or minor political parties to sink them in discriminate fashion, violative of their Fourteenth Amendment rights.

*Id.* at 63 [internal citations omitted]

Lastly, Petitioners' argument that a 'strict scrutiny' standard applies (See Petition ¶21) is also belied by the *Unity* case.

> When the nature and extent of the statute and its effect on the interests of those claiming to be impacted by it are looked at realistically, neither of the two constitutional avenues of argument raised by appellants mandates heightened scrutiny. The challenged restriction is subject only to a rational basis analysis.
>
> That rational basis is found in New York's legitimate, even compelling, interest in protecting the integrity and efficiency of its electoral process. The requirement that an acceptance be acknowledged reflects the legislative purpose of preventing election fraud.

*Id.* [internal citations omitted]

Accordingly, Petitioners' state and federal constitutional challenges to NY EL § 6-146 (1) must be dismissed as a matter of law.

## POINT V
## PETITIONERS' ESTOPPEL CLAIM FAILS ON THE LAW AND ON THE FACTS.

Lastly, Petitioners' allegation that Respondents are "estopped" from requiring Petitioners to comply with the New York Election Law is completely baseless.

Notwithstanding the fact that the elements of "estoppel" are not met or even pled in the Petition, it is undisputed that the Board mailed to each and every Petitioner a notice that expressly notified them of the requirement and deadline to file the Acceptance. *Exhibit "B"*.

Notably, as candidates for a political office, each Petitioner was under a duty to know the Election Law requirements and procedures necessary to get their names on the ballot. Even if, for purposes of argument, one Petitioner was allegedly misinformed by two Board employees, a point we do not concede, such action does not absolve all Petitioners from strictly complying with Election Law requirements. "[E]quitable estoppel is applied

against a municipality performing governmental functions only in the rarest of cases, and "erroneous advice by a governmental employee will not give rise to an exception to the general rule." *Wilson v. Neighborhood Restore Housing*, 129 A.D.3d 948 (2nd Dept., 2015) [internal citations omitted].

Nevertheless, even if Petitioner's assertion is accepted as true, the statement was, in fact, accurate in response to whether anything else was necessary in conjunction with the ministerial act of accepting the Independent Nominating Petition.

For the reasons set forth above, the "estoppel" cause of action fails.

## CONCLUSION

For the above stated reasons, the Petition should be denied in its entirety, together with such other and further relief as this Court deems just and proper.

Dated:    Hauppauge, New York
             June 18, 2019

        Respectfully submitted,

        DENNIS M. BROWN
        Suffolk County Attorney


By:  _____
        Daniel E. Furshpan
        Assistant County Attorney
        Attorney for Respondents
        H. Lee Dennison Building
        100 Veterans Memorial Highway
        P.O. Box 6100
        Hauppauge, New York 11788
        Phone: (631) 853-6187